[Civ. No. 6783.   Second Appellate District, Division One.—August 28, 1931.]

I. B. WASHBURN et al., Respondents, v. A. F. GILMORE COMPANY (a Corporation) et al., Defendants; J. & M. OIL COMPANY et al., Appellants.

Meserve, Mumper, Hughes & Robertson and Timon E. Owens for Appellants.

C. A. Lindeman for Respondents.

HOUSER, J.—It appears that plaintiffs, together with Stuart M. Salisbury and Lois C. Salisbury, were the owners of certain real property which, for the purpose of drilling and operating thereon for the production of petroleum, etc., they leased to the A. F. Gilmore Company, a corporation, and that thereafter, following several preceding assignments thereof, the said lease was assigned to defendants E. C. Joannes and Roy Maggart, doing business under the firm name of J. & M. Oil Company; that prior to such last-mentioned assignment, one of the former assignees had drilled an oil-well on the leased property and in the course of production operations had excavated or constructed thereon several sump holes. It also appears that in pursuance of authority reserved to the lessors by the provisions of the lease, for a violation by the lessee or its assignee of some of its covenants, the lessors terminated the lease. With reference to the obligations of the lessee on the happening of such a contingency, the lease contained the following provision:

"On the expiration of this lease, or sooner termination thereof, lessee shall quietly and peaceably surrender possession of the premises to the lessors, and shall, as far as possible,

cover up all sump holes and excavations made by it, and restore the land as nearly as possible to the condition in which it was received.''

For the failure of the last assignees of the lease, namely, Joannes and Maggart, doing business under the firm name of J. & M. Oil Company, to ''cover up all sump holes'', etc., the plaintiffs, who theretofore had become the sole owners of the leased property, brought an action for damages on account of such failure against the original lessee and each of the succeeding assignees of the lease, which action resulted in a money judgment being rendered against the defendants Joannes and Maggart, both individually and as copartners doing business under the firm name of J. & M. Oil Company; and from which judgment this appeal is prosecuted.

Since on the trial of the action no express assumption by the assignees of the lease of the covenants thereof, including the covenant to ''cover up all sump holes'', was shown to exist, appellants contend that on the expiration of the lease no duty devolved upon them to comply with the covenant in question. Considerable effort is expended by appellants in their attempt to establish as applicable herein the principle of law that in the situation presented by the facts no privity of contract existed between the lessors and the appellants as assignees of the lease, but that at most the legal relationship of such parties was represented by the connection known as privity of estate, and that the liability of the assignee attaches only as long as such relationship exists. In other words, as soon as the privity of estate ceased, contemporaneously therewith ceased the liability of the assignee for any damage which thereafter occurred to the lessor by virtue of the provisions contained in the lease. Appellants also produce authority to the effect that where the status known as privity of the estate obtains between a lessor and an assignee of a lease, the latter incurs no liability arising from breaches of personal covenants of the lease, especially those breaches, if any, which occur prior to the assignment of the lease to the person whose liability is sought to be established. And in that connection appellants urge the point that since admittedly the excavations for the sump holes were made by assignees of the lease who in interest preceded the interest and ownership therein of

appellants, the damage which resulted to plaintiffs by reason thereof was one for which appellants were in nowise liable.

But assuming (if not conceding) the correctness of the abstract principles of law to which appellants have directed attention, it is apparent that neither of them exactly applies to the ultimate fact upon which the judgment herein depends,—that is to say, on the expiration of the lease in question, failure of appellants to "cover up all sump holes". Unquestionably, it is true that the sump holes were excavated by an assignee of the lease who preceded appellants in interest in the lease; and if it could be said that the damage of which plaintiffs complain resulted as of the time when such sump holes were excavated, the legal principle that an assignee of a lease is liable for such damages only as were sustained by the lessor by reason of the acts and conduct of such assignee only, might well be worth serious consideration. But manifestly in the drilling and in the operation of an oil-well, sump holes are as much a necessity as is a derrick or an engine; and considering the situation and intention of the parties in entering into a lease for the "drilling and operating for the production of petroleum", etc., at least in the construction itself of either a derrick, an engine, or a sump hole, no violation of the provisions of the lease would result, but to the contrary, either of such acts would be in compliance with the implied terms of the lease, and consequently no damage to the lessor would instantly occur; from which in the instant matter it would follow that no advantage may be taken by appellants of the fact that the sump holes in question were made by assignees of the lease who became such prior to the date of its assignment to appellants.

Nor in point of either fact or law is the contention of appellants that the breach of the covenant of the lease occurred after its expiration, and consequently at a time when no privity of estate existed between the lessor and appellants, available as a defense of the latter. Strictly speaking, it is true that up to the time when the lease was terminated no breach of the covenant had occurred. The obligation on the part of the lessee and its assignees to "cover up all sump holes", etc., accrued only "on the expiration of the lease";—in other words, the duty to "cover up all sump holes" devolved upon the lessee or its assignees

at the same instant of time that the-lease expired, or contemporaneously therewith; and the fact that from a practical standpoint the work of filling the sump holes could not be instantly executed should not relieve appellants from performance. ■ Concededly the relation of privity of estate existed between the lessor and appellants, and as the covenant in question was one which was "made for the direct benefit of the property" (sec. 1462, Civ. Code), it ran with the land. In such circumstances, even in the absence of an express assumption by appellants of the covenant "on the expiration of this lease, . . . to cover up all sump holes", etc., upon their acceptance of the assignment of the lease as made, an implied agreement was created on the part of such assignees to be bound by such covenant.

In the case of *Washington Natural Gas Co.* v. *Johnson,* 123 Pa. 576 [10 Am. St. Rep. 553, 16 Atl. 799], it was held that an assignee of an oil lease who was in possession when the time for performance of the covenant contained in the lease arrived "was also liable because of the privity of estate which arose upon his acceptance of the assignment. Acquiring the leasehold estate by an assignment of the lease, he is fixed with notice of its covenants, and he takes the estate of his assignors *cum onere.*" (See, also, *Hefner* v. *Light, Fuel & Power Co.,* 77 W. Va. 217 [87 S. E. 206].)

■ Appellants also urge that the trial court committed prejudicial error in that the evidence does not support certain findings of fact which for the first time are specified in their opening brief herein; but since the record on appeal is founded on a bill of exceptions in which no mention is made either of the asserted fact that any particular finding or findings made by the trial court was or were unsupported by the evidence, or of the particulars in which such evidence was lacking in that respect, the point presented by appellants may not be considered on this appeal. (Sec. 648, Code Civ. Proc.; 2 Cal. Jur. 708, and authorities there cited.)

The judgment is affirmed.

Conrey, P. J., and York, J., Concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 25, 1931, and a

petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of appeal, was denied by the Supreme Court on October 26, 1931.